UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| STEVEN DESMOND PETERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-148-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Steven Desmond Peterson is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Peterson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will deny Peterson's petition.

In 1995, a jury convicted Peterson of numerous drug- and gun-related crimes, and the trial court sentenced him to a total term of life in prison. *See United States v. Peterson*, No. 3:94-cr-046-H-3 (E.D.N.C. 1995). Peterson then appealed his convictions and sentence. *See id.* The United States Court of Appeals for the Fourth Circuit vacated two of Peterson's convictions and related sentences without any objection from the Government, but affirmed his remaining convictions and overall life sentence. *See United States v. Peterson*, 210 F.3d 363, 2000 WL 305137 (4th Cir. 2000). The Fourth Circuit did not remand Peterson's case back to the trial court for further proceedings. *See id.*

Peterson eventually filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and argued that, after the Fourth Circuit vacated two of his convictions on direct appeal, he was entitled to be resentenced by the trial court. The trial court, however, rejected Peterson's argument and denied his § 2255 motion. *See United States v. Peterson*, No. 3:94-cr-046-H-3 at

R. 546 (E.D.N.C. 2013). Peterson appealed the trial court's decision, but the Fourth Circuit denied him a certificate of appealability and dismissed his appeal. *See United States v. Peterson*, 523 F. App'x 233 (4th Cir. 2013).

Peterson has now filed a § 2241 petition with this Court. [R. 1.] Peterson's petition is difficult to follow, but he appears to be making two arguments. First, Peterson argues that at least some of his convictions were intertwined such that when the Fourth Circuit vacated two of his convictions on direct appeal, it should have also remanded his case to the trial court for further proceedings. [R. 1 at 6-7.] Second, Peterson argues that, in light of the Fourth Circuit's decision on direct appeal, the judgment entered against him is no longer valid. [R. 1 at 7.] Ultimately, Peterson asks this Court to amend his judgment "to reflect the Fourth Circuit Court of Appeals' mandate issued March 24, 2000," and he also asks the Court to resentence him. [R. 1 at 8.]

Peterson's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While Peterson could challenge the legality of his convictions and sentence on direct appeal and in his § 2255 motion, he cannot do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Peterson cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. But the

Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). These exceptions are simply not relevant here. Indeed, Peterson has not demonstrated in any clear way that he meets the requirements set forth in either the *Wooten* or *Hill cases*.

Accordingly, it is **ORDERED** that:

1. Peterson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 17th day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge